IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Henley, #303810, ) | C/A No. 8:14-6-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Mick Zais, SCDE Superintendent; Randy Reagan, ) | REPORT AND RECOMMENDATION |
| PUSD Superintendent; Jacqueline Venning, ) | |
| Special Program Coordinator; Bryan P. Stirling, ) | |
| SCDC Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

William Henley ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Lee Correctional Institution ("Lee"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Amended Complaint[1] is subject to summary dismissal.

## Background

Plaintiff's lawsuit is based on an alleged contract entered into between Plaintiff and Randy Reagan, Jacqueline Venning, and South Carolina Department of Education ("SCDE") representatives where they agreed to permit Plaintiff to complete school by earning a G.E.D. and obtain a vocational skill. [Doc. 12-5 at 3–5; Doc. 12 at 3.] Plaintiff alleges that the SCDE mediated the agreement on March 7, 2012, among himself, Randy Reagan, and "SCDC responsible officials" during a conference hearing while he was incarcerated at Evans Correctional Institution ("Evans"). [Doc. 12-5 at 3–5.] Plaintiff

---

[1] Plaintiff filed a Complaint [Doc. 1] and Amended Complaint [Doc. 12]. By order entered February 27, 2014 [Doc. 15], this Court directed the Clerk of Court to append the Complaint as an attachment to the Amended Complaint. Thus, both documents are referred to herein as the Amended Complaint.

alleges he attached written documents to prove the contract. [Doc. 12-5 at 11–31.] An attached document apparently indicates that Associate Warden McFadden advised the Palmetto Unified School District ("PUSD") that Plaintiff would be assessed on the Test of Adult Basic Education and entered in the education program by March 20, 2012, and that there was a telephone conference call where Plaintiff was assured of help to get him into school. [Doc. 12-5 at 18.] Plaintiff alleges that the conference hearing happened because he had tried to gain admission to South Carolina Department of Corrections' ("SCDC") educational and vocational programs beginning March 2010, but his attempts were mostly unsuccessful. [Doc. 12-5 at 3–5.]

Plaintiff alleges that on or about September 2011, the education department at Evans was closed for nine months because the "Mar[l]boro County District School" was stealing money from the SCDC PUSD. *Id.* at 3. As a result, Plaintiff wrote to various prison officials including Mick Zais, the Superintendent of the SCDE, to complain that he was not being offered an education. *Id.* at 4. Plaintiff alleges that after the March 7, 2012, conference hearing, in May 2012, he was placed in an adult literacy program, until July 8, 2013, when he was transferred to Kershaw Correctional Institution and denied access to an educational program. *Id.* He alleges on October 22, 2013, he was transferred to Lee, and as of the date he filed the Complaint he had not been placed in educational or vocational programs. *Id.* He alleges that on November 5, 2013, Ms. Desia, the current educational director informed him that he could not participate in the educational programs. [Doc. 12 at 3.]

Based on these facts, Plaintiff alleges Defendants breached a contract. [Doc. 12-5 at 2–5.] Further, he alleges Defendants violated his constitutional rights. [Doc. 12 at 1.] He

2

requests the following relief: injunctive relief that he be enrolled in SCDC educational and vocational programs; that "the federal government investigate the Palmetto Unified School District (PUSD) Superintendent of Education Administer Standards;" and damages. [Doc. 12-5 at 6; Doc. 12 at 4.]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated

liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Amended Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed on the ground that it fails to state a claim on which relief may be granted because Plaintiff does not plausibly allege a violation of his federal constitutional rights. There is no federal constitutional right to participate in a prison's vocational, educational, and rehabilitative programs. *See Roberts v. Sumner*, C/A No. 5:11-2-TMC-KDW, 2012 WL 3639794, at *3 (D.S.C. July 19, 2012) (relying on *McKune v. Lile*, 536 U.S. 24, 39–40 (2002)), *adopted* 2012 WL 3639233 (D.S.C. Aug. 23, 2012), *aff'd* 510 F. App'x 259 (4th Cir. 2013); *Blocker v. Powers*, C/A No. 1:11-1203-JMC-SVH, 2011 WL 4949937, at *2 (D.S.C. Sept. 7, 2011), *adopted* 2011 WL 4949895 (D.S.C. Oct. 18, 2011). Assuming Plaintiff's allegations to be true, the fact that Defendants may have assured Plaintiff at one point that he would be placed in an educational and vocational program did not create a constitutional right. Moreover, if Plaintiff is alleging that failure to permit him to participate in educational and vocational programs violated SCDC policy, a violation of an SCDC policy is not actionable under § 1983. *See Dunbar v. Adedokun*, C/A No. 2:12-351-MGL-BHH, 2012 WL 6849795, at *4 (D.S.C. Nov. 28, 2012), *adopted* 2013 WL 144937 (D.S.C. Jan. 14, 2013).

Additionally, this action should be dismissed because this Court does not have subject matter jurisdiction over Plaintiff's state law breach of contract claim.[2] A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of

---

[2] To the extent this Court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a), if the District Court dismisses the § 1983 claim for violation of constitutional rights, it should decline to exercise jurisdiction over the breach of contract claim pursuant to § 1367(c).

5

certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and all Defendants are domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

### Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and *without issuance and service of process*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner,* 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

March 28, 2014  
Greenville, South Carolina

s/ Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).