UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Henley, | ) | C/A No.  8:14-006-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Mick Zais, SCDE Superintendent; Randy Reagan, PUSD Superintendent; Jacqueline Venning, Special Program Coordinator; Bryan P. Stirling, SCDC Director, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, William Henley, is an inmate with the South Carolina Department of Corrections. He brings this breach of contract action relating to an alleged contract entered into with the defendants where they agreed to permit plaintiff to complete his G.E.D. and obtain a vocational skill.  Plaintiff also contends that he was denied access to an educational program.  Plaintiff's amended complaint appears to be filed pursuant to 42 U.S.C. § 1983.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss this action.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 28, 2014. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge correctly opines that the plaintiff fails to state a claim upon which relief may be granted because there is no constitutional right to participate in a prison's vocational, educational, or rehabilitative programs. The Magistrate Judge further recommends that this court does not have subject matter jurisdiction over the plaintiff's state law breach of contract claim.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
April 30, 2014                                                                        United States District Judge
Columbia, South Carolina